RURAL WATER CORPORATIONS — NOT PUBLIC SERVICE CORPORATIONS The Oklahoma Tax Commission should not include Rural Water Corporations organized under the provisions of 18 O.S. 851 [18-851] — 18 O.S. 862 [18-862] (1969), in the list of findings and recommendations required of such Commission by Section 68 O.S. 2454 [68-2454], supra; such corporations are not public service corporations. The Attorney General has had under consideration your request for our opinion wherein you state: "Operating under the provisions of 68 O.S. 2450 [68-2450] and 68 O.S. 2454 [68-2454] (1969), the Oklahoma Tax Commission has required nonprofit rural water corporations organized under the provision of 18 O.S. 851 [18-851] — 18 O.S. 862 [18-862] (1969) to file sworn returns as to all property owned by such corporations subject to assessment for ad valorem tax purposes. "It now comes to our attention that maybe these corporations are not subject to assessment by the State Board of Equalization as other public service corporations." And you inquire: "Should the Oklahoma Tax Commission include these corporations in the list of findings and recommendations required of it by Section 2454 mentioned above?" 68 O.S. 2450 [68-2450] and 68 O.S. 2454 [68-2454] (1969) respectively provides in part: "Each waterworks and power company doing business in this State, shall file with the Oklahoma Tax Commission a sworn return, giving size, capacity, location and value of its pumping stations, and all other permanent improvements used in connection therewith, the total length and size of pipe and other means used for conducting and conveying water; total number of hydrants and the rental thereof; the total amount of its authorized capital stock and the amount actually paid thereon; total amount of its outstanding indebtedness; total amount of tools, material and other personal property, including cash on hand, and the location thereof. "The Oklahoma Tax Commission shall make its findings as to the assessment of all railroad and public service corporation property; and such findings shall, on or before April 25 of each year, be by said Commission laid before the State Board of Equalization as recommendations for its final action under Article X, Section 21 of the Constitution. A copy of the Tax Commission's letter of transmittal of its findings shall, at such time, be furnished each member of said Board. "All duties, powers and authority of all officers and agencies of the State, relating to the assessment of railroad and public service corporation property, which have been conferred upon them and vested in them, by law, are hereby transferred to, conferred upon and vested in, said Commission; . . . " Article X, Section 21 Oklahoma Constitution provides: "There shall be a State Board of Equalization consisting of the Governor, State Auditor, State Treasurer, Secretary of State, Attorney General, State Inspector and Examiner, and President of the Board of Agriculture. The duty of said Board shall be to adjust and equalize the valuation of real and personal property of the several counties in the State, and it shall perform such other duties as may be prescribed by law, and they shall assess all railroad and public service corporation property." 18 O.S. 851 [18-851] (1969), provides in relevant part: "For the purpose of this act, unless the context otherwise requires, the terms defined in this section shall have the meanings ascribed to them as follows: "(a) Corporation. 'Corporation' means a nonprofit corporation formed under this act having no capital stock. "(b) Nonprofit Corporation. 'Nonprofit corporation' means a corporation formed for a purpose not involving pecuniary gain to its shareholders or members, paying no dividends or other pecuniary remuneration, directly or indirectly, to its shareholders or members as such, and having no capital stock." In the case of Inland Empire Rural Electrification v. Department of Public Service of Washington, 199 Wn. 527, 92 P.2d 258, the court said: "A corporation becomes a public service corporation, subject to regulation by the department of public service, only when, and to the extent that, its business is dedicated or devoted to a public use. The test to be applied is whether or not the corporation holds itself out, expressly or impliedly, to supply its service or product for use either by the public as a class or by that portion of it that can be served by the utility, or whether, on the contrary, it merely offers to serve only particular individuals of its own selection. "It does not have the character of an independent corporation engaged in business for profit to itself at the expense of a consuming public which has no voice in the management of its affairs and no interest in the financial returns. Its members do not stand in the relation of members of the public needing the protection of the public service commission in the matter of rates and service supplied by an independent corporation. "On the contrary, it functions entirely on a cooperative basis, typifying an arrangement under and through which the users of a particular service and the consumers of a particular product operate the facilities which they themselves own. The service, which is supplied only to members, is at cost, since surplus receipts are returned ratably according to the amount of each member's consumption. There is complete identity of interest between the corporate agency supplying the service and the persons who are being served. It is a league of individuals associated together in corporate form for the sole purpose of producing and procuring for themselves a needed service at cost. In short, so far as the record before us indicates, it is not a public service corporation." See also the case of Sutton v. Hunziker,75 Idaho 395, 272 P.2d 1012, wherein the court was concerned with a nonprofit, cooperative association, with no capital stock but composed of members whose interests are represented by membership certificates. It was organized for the purpose of furnishing electrical service at cost to its members pursuant to the objects of the Rural Electrification Administration. The court reversed the trial court in holding: "Northern Lights, Inc., is not a public service corporation. . . but is a non-profit cooperative association only required to serve its members." Rural Water Districts organized under the provisions of 18 O.S. 851 [18-851] — 18 O.S. 862 [18-862] (1969) are non-profit corporations serving only members or shareholders at cost. We, therefore, do not feel these corporations are public service corporations within the meaning of Article X. Section 21, Oklahoma Constitution, or 68 O.S. 2454 [68-2454] (1969). It is the opinion of the Attorney General your question be answered as follows: The Oklahoma Tax Commission should not include Rural Water Corporations, organized under the provisions of 18 O.S. 851 [18-851] — 18 O.S. 862 [18-862] (1969), in the list of findings and recommendations required of such Commission by Section 68 O.S. 2454 [68-2454], supra. (W. J. Monroe)